### DARBY, Adm'r of Childs, vs. SWARTZ.

A slave, the property of A and B, partners, is sold under an execution against A, for his individual debt. After the death of A, his administrator is not entitled to the slave, on the ground that the partnership is insolvent—the administrator having no right to the partnership property.

## ERROR to St. Louis Circuit Court.

Goode, *for Plaintiff in error.*

I. The plaintiff in the court below and in error insists, that the instruction given by the Circuit Court to the jury was error, in this, that it removed from the consideration of the jury the facts of the cause, and was a positive direction to them (the jurors) to find a verdict for the defendant, thereby discharging them from their peculiar province, viz., the finding of a verdict which they were sworn to render, and compelled the plaintiff to elect a nonsuit.

1. Had the plaintiff insisted upon his right to have the jury pass upon his case, the jurors (the language of the court being imperative) must have found a verdict for the defendant.

2. The court below assumed the office of a jury as well as of a judge, and had no right to instruct the jury to find for the defendant or the plaintiff. The foregoing principle has been too often asserted by the Supreme Court to need authority to maintain it.

II. The first proposition of the plaintiff in error being true, the sequel follows, that the court erred in refusing to set aside the nonsuit in the cause.

III. The first clause of the instruction of the Circuit Court is not law. The evidence supported the declaration, and in the absence of any testimony on the part of the defendant rebutting the plaintiff's testimony, the jury should have found a verdict for the plaintiff, upon the evidence adduced.

1. The question in dispute is, whether the plaintiff, Public Administrator of the county of St.

Louis, representing the creditors of the insolvent estate of Samuel A. Childs, or the defendant, claiming under execution issued against a partner for an individual debt, and levied on partnership property, be entitled to the possession of the property. The plaintiff insists that he is entitled to the possession, because—

2. Joint property of an insolvent partnership, taken in execution for a separate debt, cannot be held against the joint creditors. Wilson, et al., vs. Conine, 2 John., 280.

3. The defendant acquired no *title* to the slave by his purchase under execution. All that he acquired was a share in the surplus of the property after all debts paid. U. S. vs. Hack, et al., 8 Peters, 271, *cum multis aliis.*

IV. In every view of the case, both in the language and law of the instruction, the court below erred, and its judgment should be reversed.

LESLIE & LORD, *for Defendant in error, insist:*

That Swartz took all the title of Samuel A. Childs in the negro girl by virtue of the sale and execution. That Darby, as Samuel A. Childs' administrator, stands in the place of Samuel A. Childs, and cannot maintain any suit that Samuel A. Childs could not, if alive. Therefore, the plaintiff below, by his own testimony, most successfully failed to make out his case; or, as it may well be said, most successfully beat himself. Hence, the instruction of the court, which is complained of as error, was inevitable.

The defendant believes that it would not be complimentary to this court to cite authority upon such a point.

There was no fraud in the sale, nor no inadequacy of price. The plaintiff below, by the evidence of his own counsel, showed a state of things in relation to the property that made the price given a full price. Swartz, in law, is nowise affected by the notice given by Goode to the bystanders at the sale; he was no party to those representations.

NAPTON, J., *delivered the opinion of the Court.*

This was an action of detinue, brought by Darby, the administrator of Samuel A. Childs, against Swartz, to recover a negro girl, alleged to belong to the estate of said Childs.

The plaintiff, on the trial, offered evidence showing that the girl, together with several others, originally belonged to Samuel A. and B. Childs, who were partners and insolvent; that an execution upon a judgment against Samuel A. Childs, for an individual debt of said Samuel A., had been levied on said girl, and that she was sold under said execution to the defendant, Swartz ; that a suit in chancery had been commenced against the partnership, in the progress of which, this slave and others had been attached—and that the partnership effects were entirely insufficient to pay the partnership debts.

The court, at defendant's request, instructed the jury that this evidence did not support the plaintiff's declaration; and thereupon, the plaintiff took a nonsuit, which he afterwards moved to set aside. This motion being overruled, the cause was brought here by writ of error.

Whatever title Samuel A. Childs had to this slave, was purchased by the defendant at the sheriff's sale, and of course his administrator could have no right to recover. If the creditors of S. A. and B. Childs have a lien on the slave, or a right to appropriate her value to their use, I do not see that the intervention of an administrator upon S. A. Childs' estate will be essential to the establishment or enforcement of their rights. She would be as accessible to the process of the law in the hands of Swartz, as in the possession of S. A. Childs' administrator. The latter would have nothing to do with property which belonged to the partnership of S. A. & B. Childs, unless it had been in the possession of S. A. Childs at his death.

The other Judges concurring, judgment affirmed.