WEBB, Defendant in Error, v. TWEEDIE *et al.*, Plaintiffs in Error.

1. A justice of the peace has no jurisdiction over actions for injuries to personalty property, wherein the damages claimed exceed fifty dollars; nor can the plaintiff give jurisdiction in such case by waiving the tort in his statement and setting forth that he sues in assumpsit.
2. Objection to the jurisdiction of the justice on this ground may be made for the first time in the circuit court on appeal.
3. On the appeal of a cause from a justice of the peace, the same cause of action, and no other, is to be tried in the appellate court that was tried in the court below. If the justice had no jurisdiction because the damages claimed for injuries to personal property exceeded fifty dollars, the plaintiff would not be entitled in the appellate court to amend by changing the sum claimed to fifty dollars.

*Error to Lafayette Circuit Court.*

*Hicks,* for plaintiff in error.

I. The justice of the peace had no jurisdiction of the cause. (R. C. 1855, p. 925, § 2, 3. If the defendants or either of them were liable at all, they were liable purely as trespassers, and the evidence disclosed no state of facts upon which a contract, either express or implied, could arise. If the action of the court below can be sustained, then the distinctions made by the statute in conferring jurisdiction on justices of the peace in the various cases therein enumerated are all broken down and are useless. The same cause of action and no other is to be tried in the circuit court that was tried in the court below. (R. C. 1855, p. 975, § 18.)

The circuit court erred in not sustaining the motion to dismiss, and also in permitting the plaintiff below to amend so as to give jurisdiction; for if the justice had no jurisdiction, none could, even by the consent of the parties, be conferred on the circuit court. (20 Mo. 350.) The amount of damages claimed in the justice's court was clearly specified in the statement. Although a plaintiff may, in some cases, in a justice's court enter a remittiter for the excess beyond the justice's jurisdiction, he can not do this in the circuit court on appeal so as to give jurisdiction. (Bachelor v. Bess, 22 Mo. 402.)

*Field*, for defendant in error.

I. The court did not err in allowing said account to be amended. It is unreasonable to expect a justice of the peace to know in what class of cases the trespass may be waived and assumpsit maintained, this being a question of the nicest distinction in the legal profession, and it is not to be presumed that the justices are to understand distinctions that many practising lawyers do not understand, nor is it their office to understand such matters. (16 Mo. 530.) After the case was appealed to the circuit court, it was to be tried *de novo ;* it was to be tried as though it was a new case taken up by the circuit court, disregarding all questions upon which errors had been committed below. (R. C. 1855, p. 974, § 13.) The plaintiff had a right to amend his account below so as to promote the ends of justice, and after said cause was appealed, and as soon as the above objection was taken, he had a right to amend in the circuit court. (R. C. 1855, p. 945, § 36.) Had he obtained a judgment for more than the jurisdiction, by abating the excess the judgment would have been good to the amount of the jurisdiction. The original account upon its face does not show that the suit was brought on a cause sounding strictly in damages. The account on its face would be good in assumpsit, and not until the proof was received was it fully developed that the action must be sustained upon the cause for trespass.

EWING, Judge, delivered the opinion of the court.

The plaintiff sued Tweedie and another before a justice of the peace on an account, claiming ninety dollars as the value of a bull killed by the defendant; to which was appended a statement to the effect that the plaintiff waived the wrong and sued in assumpsit. There was a judgment for the plaintiff for the sum claimed, from which Tweedie took an appeal to the circuit court. On a trial in the circuit court, after evidence had been given tending to prove that the defendants killed the bull, and that his value was seventy-five dollars, the defendants filed a motion to dismiss said suit for want of jurisdiction in the justice, which was overruled. Thereupon the plaintiff was permitted to amend the account by changing the sum claimed from ninety dollars to fifty dollars. Exceptions were saved by the defendants to the rulings of the court. There was a verdict against William Tweedie for fifty dollars; and motions by the defendant for a new trial and in arrest of judgment being overruled, he brings the cause to this court by writ of error.

A justice of the peace has original jurisdiction over actions for injuries to persons or to real or personal property wherein the damages claimed shall not exceed twenty dollars; and concurrent jurisdiction with the circuit court in such actions wherein the damages claimed shall exceed twenty and not exceed fifty dollars. This was an action for injuries to personal property; and the nature or cause of action, (which now characterises the classification as to jurisdiction,) can not be changed by giving it an obsolete name. Mere nominal distinctions between actions no longer exist, such as trespass, assumpsit, &c.; and the jurisdiction of the justice of the peace is not defined by employing any such terms or distinctions; hence what is said about waiving the trespass and suing in assumpsit is without force.

The failure of the defendants to make their objections before the justice, on the ground of want of jurisdiction, did not preclude them from raising the objection for the first

time in the circuit court. The only restriction in this respect is that a set-off, not relied on before the justice, shall not be used in the circuit court on appeal. (11 Mo. 217.)

The appellant insists that the amendment was allowable under the statute authorizing a justice in open court in furtherance of justice and on such terms as may be proper to amend, on motion of either party, any statement, account, set-off, summons, writ, or other proceeding, &c. (R. C. 1855, p. 945.) By another provision, however, it is declared that the same cause of action, and no other, is to be tried in the circuit court that was tried in the court below. (R. C. 1855, p. 975.) The justice having no jurisdiction over the action as presented in that court, there was of course no cause of action that could have been properly or legally tried by the justice, and the circuit court could not acquire any jurisdiction or lawful authority over the case by appeal. We can not so interpret the section above quoted on the subject of amendments, as to authorize a party, by so changing his account or statement, to make a different cause of action, or to substitute a new one in the circuit court.

Judgment reversed; Judge Napton concurring. Judge Scott absent.