NANCY PHILLIPS, Plaintiff in Error, v. TIMOTHY D. BLISS, Defendant in Error.

*Justices' Courts—Appeal.*—Upon an appeal from a judgment of a justice, in a suit by attachment, the defendant may, in the Circuit Court, plead in abatement of the attachment, although he may have defended upon the merits before the justice. (R. C. 1855, p. 975.)

*Error to Miller Circuit Court.*

*Smith,* for plaintiff in error.

I. That the appearance and pleading to the merits of the action by the respondent here before the justice of the peace, was a complete waiver of the right to a verbal plea in the nature of a plea in abatement. (Vide 17 Mo., Cannon v. McManus, p. 345 & 346 ; also 13 Mo., Joseph Hatrcy v. Edward Shuman, p. 547.) And on the trial of the case subsequently in the Circuit Court, it was manifestly an error in the appellate court to permit the verbal plea in abatement to be entered by respondent after his waiver of the same in the court below ; because the case stood for trial *de novo* in the Circuit Court, upon the issues joined in the court below, and none others. (Vide vol. 2 R. C. 1855, p. 975, § 18.) Now if the appellant here had consented to the respondent here entering such verbal plea in abatement in the Circuit Court, on the trial of the cause, (see 1 vol. R. C. p. 267, § 18,) it

might not have been error in the Circuit Court in so permitting the same; but such plea in the cause was entered by respondent against the consent of this appellant.

BAY, Judge, delivered the opinion of the court.

This was a suit by attachment, brought before a justice of the peace. Judgment being rendered for the plaintiff, the defendant took his appeal to the Circuit Court, where the defendant filed a plea in the nature of a plea in abatement, putting in issue the truth of the affidavit upon which the attachment was predicated. Plaintiff moved to strike out the plea upon the ground that the defendant, by pleading to the merits in the justice's court, had waived his right to plead in abatement; but the court overruled the motion, and this is the only ground of error assigned in this court. If the suit had been instituted in the Circuit Court, and the defendant in his answer had plead both in abatement and in bar to the merits of the action, the plea in bar would undoubtedly have been a waiver of his right to plead in abatement; but, with reference to appeals from justices of the peace, our statute requires that the appellate court shall proceed to hear, try, and determine the same anew. It is true that the cause of action cannot be changed, but the defendant is by no means limited or confined to the same defence set up before the justice. It is a trial *de novo*, and his pleading to the merits before the justice did not waive his right to plead in abatement in the Circuit Court.

Let the judgment be affirmed; the other judges concurring.