————o————

James D. Dillard & Walker T. Fields, Respondents, *vs.* St. Louis, Kansas City & Northern R. Co., Appellant.

1. *Damages—Action before a justice for killing stock and injuries to harness—Jurisdiction as to amount.*—Where suit is brought before a justice of the peace against a railroad company combining a claim for killing a horse with a claim for injuries to the harness, it must be instituted under sub-division 3, of § 3, Art. I, of the act touching justices of the peace; (Wagn. Stat., 808-9,) and judgment for the combined injuries must be limited to fifty dollars. Such

Dillard v. St. L., K. C. & N. R. R. Co.

suit cannot be brought under sub-division 5, for killing the horse, and in the same suit also under sub-division 3, for damage to the harness.

2. *Justices' courts, jurisdiction of.*—Justices' courts cannot exercise any jurisdiction except that conferred by statute.

3. *Justices' courts—Jurisdiction as to amount—Motion to dismiss in Circuit Court.*—Where the judgment rendered by a justice exceeds his jurisdiction, the case may be dismissed on motion in the Circuit Court.

## *Appeal from Audrain Circuit Court.*

*W. Blodget & M. McKeag and Geo. B. McFarlane,* for Appellant.

I. Having claimed damages to the amount of $50.00 for injuries to personal property under the third sub-division of § 3, Chap. 82, pp. 808–9, plaintiffs could not in the same suit claim $150 damages under the fifth sub-division of said section. (Buckner vs. Armour, 1 Mo., 534; Glasby vs. Puett, 26 Mo., 122.)

*Forrist & Ladd,* for Respondents.

I. As to the horse killed, value could not be a jurisdictional element, and, whether great or small, cannot now be considered in determining the jurisdictional question raised.

II. The statement could contain but a single count because there was but a single cause of action; and in all respects where the averment of value could be material in determining the magistrate's jurisdiction, the value was placed at $50, a sum confessedly within the jurisdiction of the magistrate, and in legal effect, for all the purposes of determining the question of jurisdiction, the case stands as if respondents had claimed and demanded only such sum of $50.

VORIES, Judge, delivered the opinion of the court.

This action was brought before a justice of the peace on the following statement or cause of action :

" James Dillard and Walker Fields say, that they are partners, doing business under the firm, name and style of Dillard & Fields, and that the defendant is a corporation created by and existing under the laws of, and doing business in

the State of Missouri, by operating a railroad running from St. Louis to Moberly in said State, and through township of Salt River and the City of Mexico in Audrain county, in said State; that on or about the 23rd day of July, 1872, the plaintiffs were the owners of one horse of the value of $150, and a set of harness thereon of the value of $50, and which horse and harness on said last named day, in Salt River township, by a train of cars of defendant, then there being run over and along defendant's said railroad, managed and controlled by the defendant, its agents and servants, run over and killed said horse, and broke, injured and destroyed said harness; that said defendant, its agents and servants in running and managing said train, then there run and managed it in a negligent and careless manner, and by means of such negligence and carelessness of said defendant, its agents and servants, said horse was killed and said harness destroyed; that said Salt River township in which said horse was killed, as alleged, is the same township, of which, D. M. McIntyre, before whom this suit is pending, is a justice of the peace. By means of all the premises, plaintiff hath been damaged in the sum of $200, and for which he asks judgment with costs."

A trial was had before the justice, where a judgment was rendered in favor of the plaintiffs for the sum of $175. From this judgment the defendant appealed to the Audrain Circuit Court. In the Circuit Court the defendant appeared and filed its motion to dismiss the suit, for the reason, as was charged, that the court had no jurisdiction over the subject matter as combined, and for the amount claimed, and for which judgment was rendered.

This motion to dismiss the suit was overruled by the court and the defendant at the time excepted. A trial was afterwards had and judgment rendered in favor of the plaintiffs for the sum of $170.

The defendant filed its motions for a new trial, and in arrest of judgment, setting forth all of the usual grounds for said motions, as well as that the justice of the peace before whom the action was brought had no jurisdiction of the cause

of action, and that the motion to dismiss filed by the defendant was improperly overruled by the court.

The motions for a new trial and in arrest of the judgment being severally overruled by the court, the defendant excepted and appealed to this court.

During the progress of the trial had in the Circuit Court a number of exceptions were saved to the rulings of the court in the admission and exclusion of evidence, and in the giving and refusing instructions asked for by the parties, but with the view taken of the case by this court, it becomes wholly unnecessary that they should be investigated in the decision of the case.

The important question in the case is, had the justice of the peace jurisdiction of the cause of action? By the third section of the statute concerning the jurisdiction of justices of the peace, (Wagn. Stat., 808,) it is provided that "justices of the peace and the Circuit Courts shall have concurrent jurisdiction in the following causes; First—in all actions founded on contracts, when the debt or balance due, or damages claimed, exclusive of interest, shall exceed fifty dollars and not exceed ninety dollars; Second—in all actions on bonds and notes for the payment of any sum of money exceeding fifty dollars, exclusive of interest, and not exceeding one hundred and fifty dollars; Third—in all actions for injuries to persons, or to personal or real property, wherein the damages claimed shall exceed twenty dollars, and not exceeding fifty dollars; Fourth—all actions for the recovery of specific personal property not exceeding the value of one hundred dollars, alleged to be wrongfully detained, and damages for injuries thereto, or for the taking and detention, or detention thereof, not exceeding twenty-five dollars; and Fifth—in all actions against any railroad company in this State, to recover damages for the killing, crippling or injuring of horses, mules, cattle or other animals within their respective townships, without regard to the value of such animals, or the amount of damages claimed for killing, crippling or injuring the same." There are other provisions made for the

jurisdiction of justices of the peace in counties containing over fifty thousand inhabitants, but they have no application to the facts of this case.

It will be seen by reference to the foregoing section of the statute, that jurisdiction is conferred on justices of the peace by the third clause in said section over actions for injuries to persons, or to personal or real property wherein the damages claimed do not exceed fifty dollars; and by the fifth clause, jurisdiction is conferred on justices of the peace over all actions against railroad companies to recover damages for killing, crippling or injuring horses, mules, cattle or other animals in their respective townships without regard to the value of the animals or the amount of damages claimed. If the justice of the peace had jurisdiction over the cause of action tried and determined in this case, it must have been conferred by one or both of the clauses of the statute just referred to. It is insisted by the plaintiff that the jurisdiction of the justice over the cause was conferred by both of these clauses; that by the third clause the justice had jurisdiction over that part of the action which seeks to recover for the injury to, or destruction of the harness of the plaintiffs, to the amount of fifty dollars, the same being an injury to personal property, and that by the fifth clause, the justice had jurisdiction over that part of the cause of action which seeks to recover for the killing of the horse of plaintiffs without regard to the value of the horse or the amount of damages claimed, and that as there is no limit as to amount of damages recoverable before a justice of the peace for killing the horse, it adds nothing to the amount of damages claimed for the injury to the harness as damages for an injury to personal property under the third clause.

I cannot see the force of this argument. The action was brought to recover for a single injury. By one single act, two classes of property were injured, but the cause of action accruing to the plaintiffs by which they would recover for the entire injury, constituted but one single cause of action which cannot be severed in order to give the justice jurisdiction to try the cause.

If the action had been brought simply to recover damages for killing the horse, then the justice of the peace would have jurisdiction under the fifth clause of the statute without regard to the value of the horse or the amount of the damages claimed; but this is not an action to recover damages for an injury to a horse or other animal; but the action is to recover damages for an injury by the defendants to a horse and other personal property, and therefore, the jurisdiction of the justice could not be derived from the fifth clause of the statute, for, as I understand it, the cause of action being only one single cause of action, it must be wholly covered by . the provisions of the statute conferring the jurisdiction. Justices' courts being courts of limited and special jurisdiction, they cannot exercise any jurisdiction except what is conferred by the statute. The third clause of the statute giving jurisdiction to justices of the peace over causes of action brought to recover damages for an injury to personal property wherein the damages claimed do not exceed fifty dollars, is the one which must govern this case, and as the damages claimed by the plaintiff's cause of action were two hundred dollars, it was beyond the justice's jurisdiction. And it makes no difference that the motion to dismiss was not made before the justice, as the want of jurisdiction in the court over the cause of action cannot be waived, but may be insisted on at any stage of the proceedings. (Webb vs. Tweedie, 30 Mo., 488.)

It follows that the Circuit Court improperly overruled the defendant's motion to dismiss the suit and its motion to arrest the judgment.

The judgment must be reversed and the cause dismissed at the plaintiff's costs. The other judges concur.