FENTON v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAIL-
WAY COMPANY, *Appellant.*

**Justice's Courts**: JOINDER OF SEVERAL CAUSES OF ACTION: JURISDICTION.
If one person have two causes of action against the same defend-
ant, both cognizable before a justice of the peace, one because it is
within the limit of a justice's jurisdiction, and the other because it
is of a class which justices may entertain without regard to amount,
the two may be united in one complaint in a justice's court, though
the aggregate exceed the limit of his jurisdiction in cases where
jurisdiction depends upon the amount involved.

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON,
Judge.

AFFIRMED.

*Wells H. Blodgett* and *E. Higbee* for appellant.

HOUGH, J.—Plaintiff sued the defendant before a jus-
tice of the peace, and united in his complaint two causes
of action: one for the conversion of certain staves and
timber of the value of $42, and one under the 43rd section
of the railroad law for $16, that being double the value of
a hog killed by a train of defendant on uninclosed prairie
land, where its road was not fenced. The plaintiff re-
covered judgment before the justice for $58, the whole
amount claimed. On appeal to the circuit court defendant
moved to dismiss the suit on the ground that the sum
claimed in the complaint exceeded the jurisdiction of the
justice. This motion was overruled. The plaintiff ob-
tained a judgment, and the defendant has appealed.

The only question on which our opinion is desired is,
whether the justice had jurisdiction to render judgment
for $58. The third clause of section 3, article 1, chapter
82, Wagner's Statutes, confers jurisdiction upon justices
of the peace in all actions for injuries to personal or real
property, wherein the damages claimed shall not exceed
$50, and the fifth clause of the same section confers juris-

diction in all actions against any railroad company to recover damages for killing or injuring horses, mules, cattle or other animals without regard to the value of such animals, or the amount of damages claimed for killing or injuring the same. Section 30, article 4, chapter 82, provides that if a plaintiff file with a justice, at one time, several demands or causes of action, all of which may be joined in one suit, the justice shall join the several causes of action in one writ, unless by such joinder the jurisdiction of the justice shall be exceeded. Where two causes of action are originally united in one complaint, or where under the statute two suits against the same defendant are consolidated by the justice, if jurisdiction as to one of the causes of action is conferred without regard to the amount involved, and the amount claimed in the other does not exceed the jurisdiction of the justice in actions of that class, the amount involved in the cause of action of which the justice has jurisdiction without regard to value and by reason of the nature of the injury, cannot be added to the amount claimed in the cause of action wherein the jurisdiction depends upon the amount involved, in order to oust the jurisdiction of the justice.

The case of *Dillard v. The St. Louis, Kansas City & Northern Ry. Co.*, 58 Mo. 69, relied upon by defendant's counsel, is not in point. There the plaintiff had a single cause of action against the defendant, arising from a single act of negligence resulting in injury to both the horse and harness of the plaintiff, and the amount claimed exceeded the jurisdiction of the justice in actions for damages to personal property. This court held that in such case the plaintiff could not split his cause of action so as to sue for the injury done the harness under the third clause of section 3, *supra*, and for the injury to the horse under the fifth clause of said section, and that the action must be treated as having been brought under the third clause, and, therefore, not within the jurisdiction of the justice. The inference to be drawn from the language of

the opinion in that case is, that if the plaintiff's right of action had been several, as to the horse and harness, and not single, the two claims might have been united, and the justice would have had jurisdiction. We are of opinion that the justice had jurisdiction in this case, and the judgment of the circuit court will be affirmed. The other judges concur.