COMPTON v. PARSONS, *Appellant.*

1. **Justice's Court:** NEW DEFENSE ON APPEAL TO CIRCUIT COURT. On an appeal from a justice's court, the defendant offered to show for the first time that the plaintiff had not the legal capacity to sue. The circuit court rejected the defense because it had not been made in the justice's court. *Held*, error.

2. **Failure of Consideration** on the sale of an article, *e. g.*, that the article was worthless for the purpose, may be shown in an action for its price, though there has been no offer to return it and no notice of its worthlessness.

*Appeal from Knox Circuit Court.*—The case was tried before JOSEPH G. BLAIR, ESQ., sitting as Special Judge.

REVERSED.

This was an action commenced in a justice's court for

| 76 | 455 |
|----|-----|
| 99 | 566 |

| 76 | 455 |
|-----|-----|
| 37a | 535 |

| 76 | 455 |
|-----|-----|
| 40a | 481 |
| 40a | 489 |

| 76 | 455 |
|-----|-----|
| 50a | 36 |
| 50a | 124 |

| 76 | 455 |
|-----|-----|
| 67a | 670 |

| 76 | 455 |
|-----|-----|
| 70a | 27 |

| 76 | 455 |
|-----|-----|
| 88a | 392 |
| 89a | 572 |

| 76 | 455 |
|------|-------|
| 101a | 1 19 |

| 76 | 455 |
|-----|--------|
| 99a | 2 575 |

the price of a patent device to water stock alleged to have been purchased by the defendant of the plaintiff. In the justice's court judgment was rendered for the defendant. The plaintiff appealed to the circuit court, where the defendant, among other things, offered to show that the plaintiff had only acted in the matter as the agent of the firm of Marsh & Co., and that the defendant's contract was a contract with Marsh & Co.; and offered the deposition and letter of said Marsh & Co., showing that the suit was prosecuted without their consent, that plaintiff had no authority to prosecute it, and releasing defendant from paying it. The plaintiff objected, because that was not made as a defense in the justice's court; which objection the court sustained, holding that no defense could be made in the circuit court on appeal that was not made in the justice's court. The finding was for plaintiff, and defendant appealed to this court.

*W. W. Cover* for appellant.

A case when appealed from a justice's court is tried *de novo*. 2 Wag. Stat., p. 849, § 13. This court has repeatedly held that in the circuit court on appeal the defendant may make any and all defenses he may have, whether made in the justice's court or not. *Hall v. Mills*, 11 Mo. 215; *Webb v. Tweedie*, 30 Mo. 488; *Phillips v. Bliss*, 32 Mo. 427; *Harper v. Baker*, 9 Mo. 115; *St. Joseph v. Davenport*, 55 Mo. 572. It has been the universal ruling of this court that when a machine or article was sold for a particular purpose, defendant might show it worthless for that purpose. *Barr v. Baker*, 9 Mo. 840.

## I.

SHERWOOD, J.—When a cause comes by appeal from a justice of the peace to the circuit court, it is to be tried *de novo*. R. S. 1879, § 3052. And the defendant may avail himself of any defense he may have, whether offered in

the magistrate's court or not.  *Hall v. Mills,* 11 Mo. 217; *Phillips v. Bliss,* 32 Mo. 427.  The only exception to this is, when the defendant is personally served with process he ·cannot plead in the circuit court a set-off he had not ·pleaded before the justice of the peace.  R. S. 1879, §. 3059; *Webb v. Tweedie,* 30 Mo. 488.  Of consequence, there was error in refusing defendant permission to show in the circuit court, and for the first time, that plaintiff was not ·the real party in interest, or had not the legal capacity ·to sue.

If the " water drawer " was worthless for the purpose for which it was purchased, this was ·a valid defense as showing an entire failure of consideration, and this, whether defendant returned or offered to return the machine or not, or failed to notify plaintiff of its worthlessness.  *Murphy v. Gay,* 37 Mo. 535, and cases cited.  Result: Judgment reversed and cause remanded.  All concur.