JOHN MEYERS, Appellant, v. WILLIAM BOYD *et al.*, Respondents.

St. Louis Court of Appeals, November 5, 1889.

1. **Attachment: PRACTICE IN CASE OF.** In an attachment proceeding, instituted before a justice of the peace and taken on appeal by the defendants to the circuit court, the defendants may file a plea in abatement in the circuit court, though such plea was not made before the justice.

2. ———. A written plea in abatement, filed with the justice and transmitted with the other papers in the case to the circuit court on such appeal, but not noted on the justice's docket, may be treated by the circuit court as putting in issue the grounds of attachment.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*D. Castleman Webb*, for the appellant.

The defendants waived their right to a trial of the plea in abatement, because the docket entry of the justice shows that no such plea was filed in the court, and

the record in the circuit court shows that no such plea was filed in that court. The court below erred in instructing the jury to find for the defendants. There was some evidence that the defendants were about fraudulently to convey or assign their property or effects, so as to hinder or delay their creditors. *Desberger v. Harrington*, 28 Mo. App. 632; *Rainwater v. Faconesowich*, 29 Mo. App. 29; *Nelson Dist. Co. v. Vossmeyer*, 25 Mo. App. 579; *Kramer v. Wilson*, 22 Mo. App. 175; *Singer v. Goldenberg*, 17 Mo. App. 565; *Estes v. Fry*, 22 Mo. App. 90; *State v. Distilling Co.*, 20 Mo. App. 25; *Bank v. Overall*, 16 Mo. App. 514; *Groske v. Bardenheimer*, 15 Mo. App. 358; *Hubbard v. Lucas*, 71 Mo. 506; *Wiles v. Robinson*, 80 Mo. 50; *Shelley v. Booth*, 73 Mo. 75

*James P. Dawson* and *Frank Hicks*, for the respondents.

The defendants did not waive their right to plead in abatement. *Henry v. Lane*, 2 Mo. 201; *Phillips v. Bliss*, 32 Mo. 427; *Moore v. Hutchinson*, 69 Mo. 429; *Compton v. Parsons*, 76 Mo. 455; *Hubbard v. Quisenberry*, 28 Mo. App. 20. There was no evidence sufficient to take the case to the jury, and the ruling of the circuit court in taking the case from the jury was correct.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace by attachment. The grounds of the attachment were three-fold: *First*. That the defendants were about fraudulently to convey and assign their property or effects so as to hinder or delay their creditors. *Second*. That they were about fraudulently to remove, sell and dispose of their property and effects so as to hinder and delay their creditors. *Third*. That the defendants have failed to pay the price value ( *sic* ) of the articles which by contract they were bound to pay for upon delivery.

The amount of the plaintiff's demand was one hundred and ninety-three dollars and thirty-five cents. The attachment was levied upon seven horses belonging to the defendants. On the twelfth of June, 1888, the case was finally called for trial before the justice, and, according to his transcript, both parties announced themselves ready for trial. The justice's transcript then recites: "Plaintiff put a witness on the stand who is sworn and part of his testimony heard. Defendant then admits the debt and asks to file plea in abatement. Plaintiff objects to the filing of any plea in abatement after his witness was sworn. The court continued the case to June 16, 1888, by consent of both parties. On said day plaintiff's objections are sustained and judgment for the plaintiff is rendered in the sum of one hundred and ninety-three dollars and also for the costs of suit, by default," etc.

From the judgment so rendered an appeal was prosecuted to the circuit court. Among the papers transmitted by the justice to the circuit court was a plea in abatement, denying the allegations of fact in the affidavit for attachment, which plea was duly verified by the affidavit of one of the defendants. This plea purports to have been sworn to and subscribed before the justice on the thirteenth day of June, which was the day after the trial was commenced, as above stated. It is also marked: "Filed, June 13, at 10 a. m.," and this file mark is signed by the surname of the justice.

When the cause was called for trial anew in the circuit court, counsel for the plaintiff objected to the trial proceeding on the plea in abatement, for the reason that the transcript of the justice showed that no plea in abatement had been filed in the justice's court, and that the record in the circuit court showed that no such plea had been filed in that court,—arguing that the defendants, by failing to file such a plea, had waived his right to a trial of the plea in abatement. The court overruled this objection and the plaintiff excepted.

The trial then proceeded on the issues made by the plea in abatement. At the close of the evidence the court directed the jury to find the issue in favor of the defendants, and their verdict was returned and entered accordingly, and judgment dissolving the attachment was thereupon entered. From this judgment the plaintiff prosecutes the present appeal to this court, as the statute allows him to do.

Two errors are assigned : *First*. That the circuit court erred in proceeding to the trial of the plea in abatement, it having been waived. *Second*. That the circuit court erred in directing the jury to find the issue made by the plea in abatement for the defendant at the close of the trial. We perceive no error in either of these rulings.

I.   It is a settled rule of procedure in this state that when a cause comes by appeal from a justice's court to the circuit court it is to be tried *de novo*. Revised Statutes, 1879, section 3052. It is equally settled, as a general rule, that the defendant may, on the trial anew in the circuit court, avail himself of any defense which he may have, whether he has offered it in the justice's court or not. *Hall v. Mills*, 11 Mo. 217; *Phillips v. Bliss*, 32 Mo. 427; *Compton v. Parsons*, 76 Mo. 455. Under this rule he may, in a suit commenced by attachment, file a plea in abatement for the first time in the circuit court. *Phillips v. Bliss, supra; Hubbard v. Quisenberry*, 28 Mo. App. 20, 26. It was therefore of no importance whether the plea in abatement had been made before the justice or not.

Nor do we perceive any force in the argument that, because the justice did not note on his docket the filing of the plea in abatement, it is to be regarded as never having been filed before the justice. Section 471 of the Revised Statutes, relating to attachments before justices of the peace, provides that, "in all cases where property or effects shall be attached, the defendant may put in

issue, by a verbal plea, in the nature of a plea in abatement, on oath, the substance of which shall be noted by the justice on his docket, the existence of the facts alleged in the affidavit on which the attachment was sued out." But this does not at all negative the conclusion that the defendant may file a formal plea in abatement before the justice, verified by affidavit; that the justice may transmit the same to the circuit court together with the other papers in the case; and that the circuit court may treat it as putting in issue the existence of the facts alleged in the affidavit for the attachment, although the justice may not have seen fit to note it on his docket.

II.  Upon the second assignment of error, we deem it sufficient to say that we have read the testimony and see no substantial evidence on which the circuit court would have been warranted in submitting to the jury the issues raised by the plea in abatement. Fraud, indeed, as has been argued, is, in many,—perhaps in most cases,—provable only by circumstantial evidence. But it does not follow from this that a jury can be allowed to infer fraud without evidence of circumstances warranting the inference. The rule is the contrary. Right acting is presumed. Fraud is not presumed in the absence of evidence, but must be proved. *Stewart v. English*, 6 Ind. 176; *Norton v. Kearney*, 10 Wis. 443, 451; *Ahlman v. Meyer*, 19 Neb. 66. The mere fact that a debtor has not paid an admitted debt after being frequently dunned, and that he has offered to sell for cash some of his personal property, does not, we think, warrant the inference that he is about fraudulently to convey and assign his property so as to hinder or delay his creditors, or that he is about fraudulently to remove, sell or dispose of it for the same purpose.

The judgment of the circuit court will accordingly be affirmed. All the judges concur.