NELSON DISTILLING COMPANY, Appellant, v. WILLIAM LOCK, Respondent.

| 59 | 637 |
| 93 | ²619 |
| 59 | 637 |
| 101 | ⁴598 |

Kansas City Court of Appeals, December, 3, 1894.

1. **Attachment**: ABATEMENT OF MERITS: APPELLATE PRACTICE. The statement in this case which the court treats as an abstract, fails to show that the defendant pleaded to the merits at the same time he filed his plea in abatement; and, moreover, fails to show that the appellant raised any such point in the trial court, and he can not, therefore, raise it here.

2. **Appellate Practice**: EVIDENCE: PEREMPTORY INSTRUCTION. The appellate court will not review the action of the trial court in giving a peremptory instruction, unless the entire evidence is brought before it; but in this case, it is *held*, on the excerpts from the testimony contained in appellant's statement, that the trial court committed no error in sustaining a demurrer to the evidence.

3. **Attachment**: FRAUD: CIRCUMSTANTIAL EVIDENCE. Fraud can not often be shown by direct evidence and may be proved by circumstances, yet such circumstances should reasonably point in that direction and warrant a reasonable inference of fraud.

4. **Appellate Practice**: EVIDENCE: RECORD. An appellate court will not reverse a judgment for the refusal of a trial court to admit evidence, if it can not be determined from the record whether the evidence is material or not.

*Appeal from the Cole Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*J. R. Edwards, Conrad Waldecker* and *Henry B. Davis* for appellants.

(1) The case should not have been tried either by the justice or the circuit court on the plea in abatement. The long established rule that a plea to the merits waives a plea in abatement in attachment suits remains unchanged. *Cannon v. McManus*, 17 Mo. 345; *Little v. Harrington*, 71 Mo. 390; *Beattie v. Stocking*, 70 Mo. 196; *Hubbard v. Quisenberry*, 28 Mo. App. 20; *Meyers v. Boyd*, 37 Mo. App. 532. (2) The instruction given by the court was improper. There was some evidence tending to prove the allegations of the petition, and it was not the province of the court to determine its sufficiency. *Moody v. Deutsch*, 85 Mo. 237, and cases cited on page 243; *Taylor v. Short*, 38 Mo. App. 21; *Grant v. Railroad*, 25 Mo. App. 227; *Hanna v. Finley*, 33 Mo. App. 645; *Wilson v. Board of Education*, 63 Mo. 137; *Davis v. Clarke*, 40 Mo. App. 515. The court erred in sustaining the objection to the questions asked witness as to the manner in which defendant was conducting his business. *Albert v. Besel*, 88 Mo. Rep. 150; *Massey v. Young*, 73 Mo. Rep. 260.

*F. E. Luckett* for respondent.

When fraud is charged by plaintiff, he must prove that fraud existed, and in the absence of such proof the attachment must fail. Kelley's new treatise, sec. 243; *Ross v. Clark*, 32 Mo. 296; *Reinhardt v. Grant*, 24 Mo. App. 154; *Burrus v. Trout*, 14 S. E. Rep. 845, and cases cited; *Machine Co. v. Updike*, 29 Pac. Rep. 573; *Spencer v. Deagle*, 34 Mo. 455.

GILL, J.—It is doubtful whether, in the proper enforcement of rule 15 of this court, we ought to entertain this appeal. There is no such abstract of the record as that rule requires. Appellant's counsel have made what they term a *statement* of the case, but even that is not full enough to present the questions raised in the brief.

From plaintiff's statement, as corrected by that of defendant, we gather the information that the plaintiff brought an attachment before a justice of the peace; that the defendant contested the grounds of attachment, but made no opposition on the merits. On a trial of the plea in abatement before the justice, there was judgment for the defendant and the attachment was abated. Subsequently plaintiff recovered judgment before the justice on the merits, the defendant, as to that, making no defense. The plaintiff appealed the attachment issue, and in the circuit court it was tried anew, and at the close of the evidence the court gave a peremptory instruction for defendant, and plaintiff appealed to this court.

I. The first point made in plaintiff's brief is, that the circuit court should not have tried the issue on the plea in abatement because, it is said, the defendant had in the justice's court waived such defense to the attachment by simultaneously in the justice's court pleading to the merits of the action. In answer to this it may be said, that, according to defendant's contention (supported, too, as he is by the justice's record which he cites) the defendant did not plead to the merits at the same time or before he filed his plea in abatement. But, however this may be, there is nothing here, even in the so-called "statement," to show that plaintiff raised any such point in the circuit court; and as he did not then and there question the propriety

of the court's action, he will not be heard to complain here.

II.   We are further asked to reverse this judgment because the court erred in giving a peremptory instruction for defendant.   Here again the appellant is at fault in not bringing before us the entire evidence on which the trial court based its judgment that there was no evidence tending to sustain the attachment.   In the "statement" we find nothing but mere excerpts from the testimony, and from which we can not say that the trial court committed error in declaring that no case was made on the part of the plaintiff.

If, however, we should treat these extracts as the entire testimony, we should hold as did the trial court that there was no case to go to the jury.   There was nothing in all this evidence even *tending* to prove that the defendant "was about fraudulently to conceal, remove or dispose of his property or effects so as to hinder or delay his creditors," which was the alleged ground of attachment.   While it is true that fraud can not often be shown by direct evidence and may be proved by circumstances, yet such circumstances should be such as reasonably point in that direction— such as would warrant the jury in reasonably inferring that the defendant intended fraud.   The mere fact that a debtor had not paid according to promise, or had offered to sell his property, or had suffered a judgment to go against him, will not justify the charge that he is about fraudulently to conceal, remove or dispose of his property so as to hinder or delay his creditors. *Meyers v. Boyd*, 37 Mo. App. 532.

III.   Further exception was taken to the action of the trial court in refusing to let a witness answer this question: "State to the jury in what way and in what manner he was conducting his business and disposing of his property."   From this record (if we may so

dignify the "statement") it does not appear whether anything material or proper would have been elicited by an answer to that question. Even then, to admit the question to be a proper one, we can not say that a failure to get an answer from the witness was harmful to the plaintiff. It is well settled that "this court will not reverse a judgment for refusal of the trial court to admit evidence if it can not be determined from the record whether the evidence is material or not. *Aull Savings Bank v. Aull*, 80 Mo. 199; *Ball v. City of Independence*, 41 Mo. App. 469–479; *Jackson v. Hardin*, 83 Mo. 187.

We discover no reason for disturbing the judgment and it will, therefore, be affirmed. All concur.