C. D. COMFORT, Appellant, v. THOMAS J. LYNAM, Respondent.

St. Louis Court of Appeals, December 8, 1896.

1. **Practice:** APPEALS FROM JUSTICES' COURTS: TRIAL. Appeals from justices of the peace are tried *de novo* in the circuit court without regard to errors or defects in the trial, judgment, or other proceedings before the justice. The defendant may offer any defense whether made before the justice or not. The only exception is, that when he has been personally served with process, he can plead no offset or counterclaim which was not pleaded in the justice's court.

2. **Account:** PARTNERSHIP: NOTICE OF DISSOLUTION. In a suit against a copartnership firm to recover a balance due on an ice bill, where it appeared the partnership was dissolved, and that plaintiff had notice of the dissolution at the time of the delivery of the ice in suit, judgment was properly rendered for defendant.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*T. J. Rowe* for appellant.

No affidavit was filed before the justice denying the partnership alleged in the complaint, and it must

be taken as admitted. Secs. 2186, 6272, R. S. 1889; *Peddicord v. Railroad*, 85 Mo. 160.

Cases appealed from justices' courts are tried *de novo* in the circuit court, and the defendant can not on appeal to the circuit court raise the question of no partnership, which was not raised before the justice. Secs. 6339, 6345, R. S. 1889; *Sherman v. Rockwood*, 26 Mo. App. 403; *Wolff v. Vette*, 17 *Id.* 36; *Loomis v. Railroad*, *Id.* 355.

Before defendant could relieve himself from future liability, it was necessary that notice should have been given the Comfort-Henry Ice Company, of his retirement, and this notice should have been actual and brought home to it. *Pope v. Risley*, 23 Mo. 187; Story on Part., secs. 160, 161; *Dowzelot v. Rawlings*, 58 Mo. 76; *Bloch v. Price*, 24 Mo. App. 21. See, also, *Martin v. Fewell*, 79 Mo. 401; *Gage v. Rogers*, 51 Mo. App. 430.

*Dodge & Mulvihill* and *S. S. Merrill* for respondent.

A cause appealed from a justice's court is tried *de novo* in the circuit court, and the defendant can avail himself of any defense he has, which necessarily includes the right to so present it by pleading or affidavit as to make it available. *State v. Heinze*, 45 Mo. App. 403, 411; *Phillips v. Bliss*, 32 Mo. 427; *Meyers v. Boyd*, 37 Mo. App. 532, 535; *Moore v. Hutchinson*, 69 Mo. 429; *House v. Duncan*, 50. *Id.* 453.

BIGGS, J.—This suit was commenced before a justice of the peace and was brought against the respondent and Peter W. Lynam. The action is to recover a balance due on an ice bill. The complaint states that in 1891 the Lynams were partners doing business under the firm name of Lynam Brothers, and that

during that year, commencing on July 1, the Comfort-Henry Ice Company sold to the firm ice of the value of $211.85; that on the fifth day of January, 1892, $50 was paid on the account, and that demand was made on that day for the payment of the balance, and that subsequently the Comfort–Henry Ice Company assigned the claim to the plaintiff. There was a judgment before the justice, but Thomas J. Lynam alone appealed.

When the case reached the circuit court the respondent here filed his affidavit denying the alleged copartnership. The plaintiff moved to strike the affidavit from the files, for the reason that the affiant was precluded from interposing the defense, having failed to do so before the justice. The motion was overruled, to which the plaintiff excepted. The trial proceeded before the court without a jury, and resulted in a judgment in favor of defendant. No instructions were asked or given, and no exceptions were saved as to the admission or rejection of evidence. The plaintiff has appealed, and he complains of the action of the court in overruling the motion to strike out, and that under the evidence the judgment ought to have been for plaintiff.

Appeals from justices of the peace are tried *de novo* without regard to errors or defects in the trial, judgment or other proceedings before the justice (sec. 6339, R. S. 1889). The defendant may offer any defense, whether made before the justice or not, except that when he has been personally served with process he can plead no offset or counterclaim that was not pleaded in the justice's court (section 6346, R. S. 1889). This is the only exception.

Thus in *Compton v. Parsons*, 76 Mo. 455, it was held permissible for the defendant to show for the first time in the circuit court that the plaintiff was not the real party in interest.

In *Phillips v. Bliss*, 32 Mo. 427, and *Meyers v. Boyd*, 37 Mo. App. 532, it was decided that a plea in abatement may be filed in the circuit court though not made before the justice.

In *Moore v. Hutchinson*, 69 Mo. 429, which was an action on a note and commenced before a magistrate, the supreme court sustained a plea of *non est factum* which was filed after the case reached the circuit court.

The statute, as well as the cases cited, make it clear that the defendant's motion to strike out was properly overruled.

It appeared that in 1890, Thomas J. and Peter W. Lynam were partners. They did business in two places in the city, one at number 2632 Glasgow avenue and the other on Cass avenue. The defendant's evidence tended to prove that in November, 1890, the firm was dissolved and the business divided. In the division Peter got the business on Glasgow avenue, and Thomas that on Cass avenue. The ice in controversy was delivered at the place on Glasgow avenue several months after the alleged dissolution. The Comfort–Henry Ice Company sold ice to the firm in 1890, and the plaintiff now contends that the ice company continued to deliver ice during the following year without any notice of the alleged dissolution of the firm, and that for this reason the judgment should have been for plaintiff, as there was no dispute about the quantity of ice delivered or the amount charged therefor. In answer to this contention it suffices to say that there was evidence that the ice company had notice of the dissolution of the firm at the time it delivered the ice in controversy. As before stated, the ice company commenced to deliver the ice about the first of July, 1891. There was evidence tending to prove that in the fall of 1890, Peter informed the agent of the ice company,

who had been delivering ice to the firm, that he was then in business for himself; that in the spring of 1891 the old signs on both stores were painted out and the individual names of the respective owners substituted, and that in March, 1891, Thomas told the plaintiff, who at that time was the president of the ice company, that the firm of Lynam Brothers had been dissolved.

With the concurrence of the other judges, the judgment will be affirmed. It is so ordered. All concur.