## J. SIMON et al., Appellants, v. J. J. RYAN et al., Respondents.

### St. Louis Court of Appeals, March 17, 1903.

1. **Justice of the Peace: AFFIDAVIT DENYING PARTNERSHIP: TRIED ANEW IN CIRCUIT COURT AND AFFIDAVIT PROPER THERE.** Though, on the trial of an action against partners in a justice court, defendants failed to file an affidavit denying the partnership, as required by Revised Statutes 1899, section 746, they could file such affidavit and make such defense on appeal to the circuit court, as the action is tried anew in the latter court.

2. ——: ——: ——: **ERROR.** The refusal of the trial court to grant permission to defendants, sued as partners, to file an affidavit denying the partnership, because it was too late—the cause being then on trial—was error.

3. ——: ——: **ANY PROPER DEFENSE IS AVAILABLE IN THE CIRCUIT COURT.** A case appealed from a magistrate's judgment is tried anew in the circuit court and the defendant is by no means confined on appeal to the defenses made below, but may make any defense he can to the plaintiff's cause of action.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

AFFIRMED AND REMANDED.

*A. L. Hirsch* for appellants.

(1)   Section 746, Revised Statutes 1899, requires an affidavit denying the existence of partnership to be filed in order to make it an issue, and this applies to justices' courts. The Weed Sewing Machine Co. v. Philbrick, 70 Mo. 646; Mitchell & Bro. v. Railton, 45 Mo. App. 273.   (2)   The case of Hayler v. Dawson, 28 Mo. App. 531, is on all fours with this case. The same has not been reversed, and is cited, with approval, in the case of Richards v. McNemee, 87 Mo. App. 400.

*Wilson A. Taylor* for respondents.

(1) It was the duty of the court to grant a new trial. Anderson v. Hance, 49 Mo. 159. Under the cirsumstances of this case it would have been an abuse of discretion for the court to have refused a new trial. Carr v. Moss, 87 Mo. 447. Granting a new trial is largely discretionary with the trial judge. This is especially true where the judge hears the evidence and determines the cause without the aid of a jury. Lee v. Publishers, etc., 137 Mo. 385; Sly v. Railroad, 134 Mo. 681. The trial court should never deny a motion for a new trial unless he is satisfied that the merits of the case have been fully and fairly tested and determined. Rickroad v. Martin, 43 Mo. App. 603. (2) Appellate courts will not interfere with the discretion exercised by the trial court in granting a new trial in the absence of the appearance of unjudicial discretion. Rickroad v. Martin, 43 Mo. App. 597; Mfg. Co. v. Cunningham, 73 Mo. App. 376; Dysart v. Railroad, 145 Mo. 83. When a judgment is set aside on a motion for a new trial, the presumption is to be indulged in favor of that action being correct. Baughman v. Evans, 139 Mo. 557. (3) The statement filed with the justice is no statement of an account before the justice as the statute requires. R. S. 1899, sec. 3852; McCrary v. Good, 74 Mo. App. 426; Drug Co. v. Johnson, 80 Mo. App. 429.

GOODE, J.—This attachment action was begun before a justice of the peace on an account for goods sold and delivered.

The statement of account filed before the justice was in this form: ·

"J. Simon                         Julian Simon.

J. SIMON & SON,
Distillers and Wholesale Liquor Dealers,
No. 817 Franklin Ave.,
St. Louis Mo., Dec. 4, 1900.

"Sold to Mrs. Anna V. Ryan, and J. J. Ryan, E. P. Ryan, and M. V. Hartley, co-partners, doing business as Ryan & Company.

| | |
|---|---|
| 1 gal. raspberry syrup | $ 1 00 |
| 25 bottles dry catawba | 3 50 |
| 25 bottles sweet catawba | 3 50 |
| 6 bottles angelica, 20 cents | 1 20 |
| 1 bottle absinthe | 1 25 |
| Wine bbl. and bottle peppermint | 2 00 |
| Bottles and stamps | 2 50 |
| | $14 95 |

The statement contained four paragraphs similar to the foregoing.

A plea in the nature of a plea in abatement was filed before the justice, but no defense to the merits was pleaded.

The trial in that court resulted in a judgment in favor of all the defendants on the plea in abatement, and in favor of the defendants Anna V. Ryan and J. J. Ryan on the merits, judgment being entered against the other defendants E. P. Ryan and M. V. Hartley for the balance due on the account.

Plaintiffs appealed from the judgment of the justice to the circuit court where the case came on for trial on the merits at the February term, 1902, a jury being waived and the cause heard by the court, with the result that judgment was entered against all the defendants for $62.25.

During the progress of the trial the plaintiffs offered evidence tending to show they had sold to a firm doing business under the name of Ryan & Company the goods mentioned in the account. Defendant's counsel endeavored to prove that J. J. and Anna V. Ryan were not members of the firm at the time said goods were sold and delivered. This evidence was excluded by the court because no affidavit had been filed denying the partnership as is required by section 746 of the Re-

vised Statutes of 1899. When this ruling was made, defendants' counsel asked leave of court to file an affidavit putting the fact in issue. Permission to do this was refused on the ground that it was too late as the cause was then on trial.

After judgment a motion for new trial was filed by the defendants and sustained by the court on the ground that the interests of justice would be subserved by permitting the defendants, on terms, to file an affidavit denying the partnership.

Plaintiffs appealed from the order sustaining the defendants' motion for a new trial.

Ordinarily a trial court has the right to set aside a judgment and grant a new trial when it thinks justice will be thereby promoted, and it is commendable to do so. Plaintiffs contend, however, that in this instance the new trial was wrongly granted because, as no issue concerning the partnership was made in the justice's court by a verified affidavit denying that all the defendants were partners, such an issue could not be raised in the circuit court.

A case appealed from a magistrate's judgment is tried anew in the circuit court and the defendant is by no means confined on appeal to the defenses made below, but may make any defense he can to the plaintiff's cause of action. Philips v. Bliss, 32 Mo. 437; Compton v. Parsons, 76 Mo. 455; Moore v. Hutchinson, 69 Mo. 427; Meyers v. Boyd, 73 Mo. App. 532; Comfort v. Lynam, 67 Mo. App. 668.

In Moore v. Hutchinson, supra, an action which was begun before a justice of the peace on a promissory note, it was held, notwithstanding the provisions of section 3949, Revised Statutes 1899, requiring the execution of an instrument sued on in a justice's court to be denied under oath to put its execution in issue, that the plea of *non est factum* might first be filed in the circuit court.

Nor did the request of the defendants to raise an

issue as to the partnership come too late, but should have been allowed on such terms as were just. Anderson v. Hance, 49 Mo. 159; Carr v. Moss. 87 Mo. 447.

The order sustaining the motion for new trial provided, in effect, that the issue might be raised on such terms as the court deemed just to the plaintiffs; which was right and is approved and affirmed, the case being remanded for trial. *Bland, P. J.,* and *Reyburn, J.,* concur.