W. C. KRAUSE, ET AL., RESPONDENTS, v. ANDY SPURGEON, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed July 6, 1927.

*Corpus Juris-Cyc. References: Justice of the Peace, 35CJ, p. 815, n. 4; p. 828, n. 6; p. 830, n. 26.

*O. J. Stewart, Johnston & Rinehart,* and *Harrison & Norvell* for appellant.

28

*Harry Clymer, Virginia J. Booth* and *James Booth* for respondent.

BRADLEY, J.—This is a suit on a promissory note. Plaintiff recovered judgment and defendant appealed.

The defense relied upon was payment and the Statute of Limitations. The trial was had before a jury, but the jury failed to agree. Thereafter it was agreed that the record as made at the trial be submitted to the court sitting as a jury. This was done and the court found for plaintiffs. This is the second time this cause has reached this court. [See Krause et al. v. Spurgeon, 256 S. W. 1072.] We make reference to our former opinion for the facts underlying this cause, and will state in the course of this opinion such additional facts as may be necessary.

The note sued on was for $52 and was executed December 13, 1910, and was due one day after date. A credit of $22.50 was endorsed on the back of the note under date of January 18, 1912. The cause originated in a justice of the peace court and was commenced January 12, 1922. Defendant filed no written pleadings. In the justice of the peace court defendant's defense was payment. In the first trial in circuit court his defense was payment and the Statute of Limitations, but the defense of limitations in that trial was upon a different theory to that now presented. At the last trial in the circuit court plaintiffs admitted that the payment of $22.50 endorsed on the note under date of January 18, 1912, was in fact made January 10, 1912. Under the admission made it was ten years and two days from the time of the payment on the note before the cause was commenced and it was, therefore, barred under the statute. [Sec. 1316, R. S. 1919.] Plaintiff, after making the admission that the statute had run before the suit was commenced, proceeded on the theory that defendant had waived the right to reply upon the Statute of Limitations and this was the theory upon which the court found for plaintiffs. Defendant offered evidence that he had paid all the note except $2, but there was evidence to the contrary. The evidence in this record on the question of payment is substantially the same as stated in our former opinion.

The theory of limitations relied upon by defendant at the first trial in the circuit court is stated in Krause et al. v. Spurgeon, supra, as follows: "Defendant contends that limitations had run, and that the court should have directed a verdict as requested. This contention is based on the following facts. The note was given in the first instance as a balance due on a wagon. Krause did the woodwork on the wagon, and his interests in the note, when made, was $29.50. Scheel Bros., blacksmiths, did the ironwork on the wagon,

and their interest in the note when given was $22.50. Defendant made the payment on the note to Henry Scheel. Defendant says that he paid Scheel $80, while Scheel says the payment was $22.50. Henry Scheel says that he kept the $22.50 as Scheel Bros.' interest in the note, and that thereafter Scheel Bros. had no interest. If Scheel Bros. had no interest after January 18, 1912, defendant reasons, as we understand him, that limitations as to Krause began to run on the date of the note, and that since suit was not filed until January 12, 1922, plaintiff Krause was barred. There was nothing on the face of the note to indicate that plaintiffs were not equally interested in the note, and nothing on the note in connection with the paymet to indicate that the payment satisfied Scheel Bros.' interest in the note. At the time the note was given defendant was not advised that plaintiffs were not equally interested in the note, and there is no evidence that when the payment was made defendant was advised that he was paying Scheel Bros.' interest in full. All these were matters concerning plaintiffs, and which they would have to dispose of among themselves. Plaintiff Krause had possession of the note all the time, and when the payment was made January 18, 1912, Henry Scheel, to whom payment was made, reported the fact to Krause and Krause placed the credit on the note, and knew, as would appear, at the time that Scheel was retaining the payment as Scheel Bros.' interest in the note. We are of the opinion that limitation should be reckoned from the date of payment. The disposition of the proceeds of the judgment, if one is finally obtained, does not concern defendant.''

The ground upon which plaintiffs base their contention that defendant has waived the right to rely upon the Statute of Limitations as now claimed by him, is that such defense was not made in the justice of the peace court nor in the circuit court until the last trial.

.Defendant contends in effect (1) that the cause on appeal to the circuit court was there for trial *de novo* and so remained, regardless of the number of trials, and that he had the right, at any circuit court trial of the cause, to make any defense, recognized by law, except set-off and counterclaim, whether theretofore made or not; (2) that prior to the preparation for the last trial in the circuit court he had no definite knowledge that the payment endorsed on the note under date of January 18, 1912, was in fact made January 10, 1912, and that in the face of the indorsement of payment under date of January 18, 1912, and the positive contention of plaintiffs that it had not been ten years from the date of the payment until suit was commenced, his conduct, under the circumstances in no evidence of waiver.

The statute, section 2902, Revised Statutes 1919, requires that an appeal from a justice of the peace court shall be tried *de novo* in the

circuit court. Any defense may be made in the circuit court which could have been made in the justice court, whether such defense was made in the justice court or not, except set-off and counterclaim when there is personal· service. [Compton v. Parsons, 76 Mo. 455 1. c. 457; Comfort v. Lynam, 67 Mo. App. 668, 1. c. 670; Moore v. Hutchinson, 69 Mo. 429; Meyers v. Boyd, 37 Mo. App. 532, 1. c. 535; Simon v. Ryan, 101 Mo. App. 16, 1. c. 19; 73 S. W. 353.] The Supreme Court in Compton v. Parsons, supra, held that the only exception to this rule is that when the defendant is personally served in the justice court, on appeal to the circuit court, set-off cannot be pleaded unless such was pleaded in the justice court. This exception is made by statute, section 2735, Revised Statutes 1919. At the time of the Compton case only set-off was excepted. [Sec. 3059, R. S. 1879.] But the present statute, section 2735, excepts both set-off and counterclaim. If then there are no exceptions to the rule, except set-off and counterclaim, then defendant did not waive the right to rely, in the circuit court, upon the Statute of Limitations. As we construe Revelle v. Railroad, 74 Mo. 438, 1. c. 442, it is there in effect held that the defense of the Statute of Limitations may be made in the circuit court in a justice of the peace appeal although such defense was not made in the justice court.

A trial *de novo* in the circuit court on appeal from a justice court means a *new* trial, a trial *anew,* as though there had been no trial in the justice court. [Sec. 2902, R. S. 1919; State v. Smith, 264 S. W. (Mo. App. 52, 1. c. 53.] There is no contention that the appeal from the justice court in the cause at bar did not at all times when in the circuit court stand for trial *de novo.* There can be no contention to the contrary. Therefore defendant had the right at any trial of this cause in the circuit court to rely upon the Statute of Limitations whether theretofore relied upon or not.

As stated plaintiffs admit that the statute had run and that they cannot recover unless under the theory of waiver. As we have seen this theory is wholly untenable. The judgment, should, therefore, be reversed and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.