## CHITTENDEN vs. HURLBUT.

An action will be dismissed in any stage of it, if it be discovered that the Court have not jurisdiction of the subject matter of the action. But the Court will not, *on motion,* dismiss an action of Book Account, on the ground that a part of the articles charged on the plaintiff's book, are not proper articles of book charge, and which, being deducted from the plaintiff's account, will reduce the remainder within the jurisdiction of a Justice of the Peace.

*Chittenden,*
*January,*
*1824.*

THIS was an action of Book Account, originally commenced before the County Court, and came to this Court by appeal.

At the last term of this Court the defendant filed a motion to dismiss the action, for want of jurisdiction, for that the action was originally cognizable before a Justice of the Peace, and not before the County Court.

The opinion of the Court was delivered at the present term by

SKINNER, Ch. J. This action was originally commenced before the County Court. After oyer of the plaintiff's book of $227 03, consisting of several articles, one of which is the payment of an order or draft of $200, the defendant pleaded that he had fully accounted for all the charges, &c. An issue is formed, and verdict thereon, that the defendant account, on which judgment is rendered; and an appeal is taken to this Court by the defendant. He now moves the Court to dismiss the action, for that 1st, it appears upon oyer of the plaintiff's account, that the same amounts only to $27 03 of such articles as are proper to be charged on book; 2dly, that the said draft of $200 contained in oyer is not a proper article of book charge ; 3dly, that said draft is the same, and no other, that was furnished as a specification of the plaintiff's claim, in an action of *indebitatus assumpsit* in favour of the plaintiff against the defendant, now pending in this Court, and upon which claim judgment has passed, at the present term of this Court, against the defendant." It is unquestionably the duty of the Court, on discovering the subject matter of a suit to be without its jurisdiction, to dismiss it, whether moved by the party or not. In this case the counsel for the defendant contends, that one of the items of charge in the plaintiff's account cannot legally constitute a charge on book, and without this the charges amount to a sum cognizable before a Justice of the Peace; that the County Court and Justices of the Peace have not concurrent jurisdiction in any case; therefore the subject matter of this action is without the original jurisdiction of the County Court.

Whether the payment of the defendant's draft upon the plaintiff in favour of McGonzer constitutes a proper item of charge on book is questionable. No precise rule has been, or can be established as to what may be legally charged on book. Drafts to a small amount are every day drawn upon, and paid by the merchants through the State, and the same are charged on book. To what extent this practice has been, or ought to be, sanctioned by judicial decision, is not necessary now to inquire. If this cause is dismissed on motion, it must be for a defect of jurisdiction in the subject matter, apparent upon the record. No issue is, or can be formed or tried upon motion. The subject matter of this suit is clearly within the jurisdic-

*Chittenden,*
*January,*
*1824.*

Chittenden
*vs.*
Hurlbut.

tion of the County Court.   The amount claimed, as given on oyer, is $227 03.   The principle will be clearly illustrated by supposing the action to have been *assumpsit,* and the same articles, under the rule for that purpose, given in the specification.   No question could then arise as to jurisdiction.   Again, suppose the only charge given on oyer in this case had been the draft of $200, charged on book.   The remedy would not be by application to the Court to dismiss for want of jurisdiction of the subject matter.   The objection would be rather to the *form* of action.   Surely then, adding that which is admitted to be proper in the action cannot vary the case.   No doubt, if issue in this case had been found for the defendant upon these pleadings, the judgment, unappealed from, would have been conclusive; it would never have been considered a proceeding *coram non judice.*   So too if judgment had been rendered for the plaintiff for the full amount claimed, or any less sum. If it should appear, that this or any other article of charge had been rejected, as an illegal charge on book, the judgment might not constitute a bar to a recovery thereafter for the article rejected.   To adopt a principle that would subject all concerned to the consequences of proceeding *coram non judice,* for a mistake as to matter, which may be offered in support of a particular *form* of action, would be dangerous indeed.

If in any case it is discovered, that there has been an improper attempt to give jurisdiction to the County Court, whether for the purpose of increasing costs, or with any other fraudulent intent, the Court will not only dismiss the suit, but will administer to the attorney that correction which the nature of the case may demand. Nothing improper or illegal is discoverable in the proceedings in case; therefore

The defendant takes nothing by his motion.