# Ben H. Smead v. Winona Sutherland

[111 A2d 335]

November Term, 1954.

Present: **Sherburne, C. J. Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed January 4, 1955

362

*Stanley L. Chamberlin* for the defendant.

*Norman S. Case, Jr.,* for the plaintiff.

**Sherburne, C. J.** This cause was commenced before a justice of the peace and appealed to the county court. It is an action for a breach of an automobile purchase contract with an *ad damnum* of $200.00. Trial was by court, resulting in a judgment for the plaintiff to recover $217.85 of the defendant. The cause is here upon the defendant's exceptions to the findings of fact and the judgment.

We quote the findings material to the consideration of the questions briefed, "1. The plaintiff is a dealer in cars but has neither showroom nor new cars on hand for sale, and this fact was known to the defendant. "2. On June 1, 1952, a written contract was entered into between the parties to this action, by which the defendant agreed to buy a 1952 gray and black, four-cylinder Henry J. Vagabond, with heater and undercoating. "3. That the price of the car itself was $1,494.33 and the charge for undercoating was $20.00 and the price of the heater was $70.00, making a total amount due of $1,584.33, and the defendant was to turn in on said order a 1940 Mercury automobile, owned by her, and was to receive for the same an allowance of $275.00. "5. That the said Henry J. Vagabond was ordered by the plaintiff, to meet the defendant's specifications, and it was of a type not readily marketable. "13. That the plaintiff would have received a profit of $155.30 on the sale of the new Henry J. Vagabond to the defendant, and that he would have made an additional profit of $50.00 on the resale of the used Mercury. "14. That the plaintiff is entitled to recover from the defendant $205.30 and interest in the sum of $12.55, or a total of $217.85 and costs." The defendant has briefed exceptions to findings numbered 5 and 13, which were on the grounds that finding 5 is contrary to the evidence and that finding 13 is not supported by the evidence.

Defendant first argues that the part of finding 5 "That the said Henry J. Vagabond was ordered by the plaintiff to meet the defendant's specifications," is unsupported by the evidence as shown by the contract between the parties, because the contract contains only a description of the car, its color "gray or black" and that it was to have the usual equipment of a heater and be undercoated. The exception to this part of the finding cannot be sustained. If the defendant thought there was any discrepancy between the contract and the automobile described in finding 2 he should have excepted to that finding. The first part of finding 5 merely means that the plaintiff ordered the car specified in finding 2, with equipment specified in finding 3.

■ Since finding 5 is in part sound as against the ground stated in the exception the exception is without avail. *Petition of Citizens Utilities Co.*, 117 Vt 285, 293, 91 A2d 687; *Little* v. *Loud*, 112 Vt 299, 303, 23 A2d 628. However, we think that the evidence supports the finding that the Henry J. Vagabond was of a type not readily marketable. The evidence on this all came from the plaintiff who testified on direct in effect that the defendant refused delivery of the car on July 13 or 14, 1952; that he attempted to resell it, and encountered difficulty, and was able to sell it on June 11, 1953; and that he attributed the difficulty in selling it to the fact that this four cylinder model is a very slow mover. He further testified that he had sold two other four cylinder Henry J's, and that he ascertained that the buyer wanted a four cylinder car before he ordered it. On cross-examination, in answer to leading questions, he tendered a price list and testified to the effect that the price to the defendant was the same he would have asked of any customer, and that that price was the market price in Bethel, Vermont, which is the town of his residence. The court could have reasonably inferred from this cross-examination that by market price the plaintiff only meant the dealer's delivery price of this model car with the same equipment.

Finding 13 shows the profits the plaintiff would have made had the sale gone through. The profit on the new car was based on the difference in cost to the plaintiff and the price he would have received, and the profit on the used car was the difference between the sum allowed for it and the amount he could have sold it for. Under his exception to this finding on the ground that it is not supported by the evidence the defendant does not here question that the evidence so shows. His only claim is that the measure of damages with respect to the new car was the difference between the contract price and the market price, instead of the difference between the cost to the plaintiff and the price he would have received. This claim is without the scope of the exception. The exceptions to the findings are overruled.

The exception to finding 14 on the ground that the total sum of $217.85 exceeds the jurisdiction of the court has not

been briefed. Judgment was entered for such total sum and costs, and the defendant excepted to the judgment in the sum as entered. This exception only questions the jurisdiction of the court to enter a judgment for damages in excess of $200.00.

■■■ A justice of the peace has jurisdiction of actions of a civil nature where the debt or other matter in demand does not exceed $200.00, except in certain actions not here material. V. S. 47, §1472. When the action is in contract, it is the *ad damnum* which usually determines the question of jurisdiction, though it is otherwise where it appears from the declaration that the matter in demand exceeds the jurisdictional limit. *Luce* v. *Menard*, 87 Vt 177, 180, 88 A 728, and cases cited. The plaintiff in an action for breach of contract is not bound to ask for all that he is entitled to recover. He may demand less, and thereby confer jurisdiction upon a justice court, though the case upon its merits would properly belong to a higher jurisdiction. *Wightman* v. *Carlisle*, 14 Vt 296, 298; *Danforth* v. *Streeter*, 28 Vt 490, 494.

■■■ Under the provisions of V. S. 47, §1513 the effect of the appeal in this case, when entered in the county court, was to vacate the justice judgment and to bring the case entire and *de novo* before the county court, there to be proceeded with in the same manner as if it had been originally returnable to that court. *American Electric Service & Maintenance Co.* v. *Harman*, 103 Vt 263, 265, 153 A 217. On appeal that court had no jurisdiction beyond that of the justice court. *Heath* v. *Robinson*, 75 Vt 133, 136, 53 A 995; *Danforth* v. *Streeter, supra.* Consequently it could not enter a valid judgment in excess of $200.00, and its judgment for the plaintiff to recover $217.85 is void, although it had jurisdiction over the parties and the subject matter. 31 Am Jur, Judgments §407.

■■ ■■ The absence of jurisdiction of a court to render a particular judgment constitutes sufficient ground for such court to vacate a judgment so rendered. 31 Am Jr, Judgments §764; 49 CJS, Judgments, §267. When the judgment of a court having jurisdiction over the parties and subject matter is

so vacated because it transcends the limit of the court's authority, the action is not dismissed, but is left still pending and undetermined, and further appropriate proceedings may be had and taken therein. See 31 Am Jr, Judgments, §793; 49 CJS, Judgments, §306; and *Whitney* v. *Sears*, 16 Vt 587, where the county court permitted the plaintiff to raise his *ad damnum* from the justice's jurisdiction to $1,000.00. The cause was then continued, and at the next term of the court the plaintiff obtained leave to moderate his claim and to restrain it within the limits he had first prescribed. The defendant then moved to dismiss the action on the ground that the justice had no original jurisdiction of it. The question was in relation to the effect that the alterations had upon the action. The opinion states "When the action came into the county court, none of these imperfections were upon it. The county court had appellate jurisdiction, and the justice had original jurisdiction. We therefore think that it would not do to say that this writ was thus amended out of court, - especially as it was restored to its original condition, before any action was had upon it." See also *Re Harris*, 68 Vt 243, 245, 35 A 55. This was a petition for a writ of habeas corpus because the sentence of the petitioner to the state prison was void. The opinion states that the petitioner was properly convicted, that the error was in the sentence, and there did not seem to be any good reason why jurisdiction of the petitioner should not be resumed by the court in which he was convicted, that he may be properly sentenced, and remanded him to the custody of the sheriff pending resentence.

■ As said in *Miner's Executrix* v. *Shanasy*, 92 Vt 110, 112, 102 A 480, 481, "It has been a rule of law in this State from the time this Court decided *Chittenden* v. *Hurlburt*, 1 D. Chip. 384, to the present time, that a court will dismiss a cause at any stage, whether moved by a party or not, when it is discovered that it has no jurisdiction, and an objection to the jurisdiction over the subject matter is never out of time." We have found no case holding that where a court, having jurisdiction of the parties and the subject matter, renders a judgment which is void because in excess of the jurisdiction of the court, the whole cause must be dismissed. In *Heath*

v. *Robinson, supra,* where, after an appeal from a justice was entered in the county court, the plaintiffs having obtained leave filed a substitute declaration with an *ad damnum* exceeding the justice's jurisdiction, which the defendant moved to dismiss as showing that the court had no jurisdiction, this Court held that the county court erred in denying the motion, reversed the judgment and remanded the cause. We conclude that the whole cause need not be dismissed merely because a judgment is rendered for an amount in excess of the court's jurisdiction, and that such judgment may be reversed, and the cause remanded or a judgment in a sum within the jurisdiction of the lower court may be rendered by this Court, where the record affords the means of arriving at the correct amount, as in cases of mere irregularities. See *Manatee Loan & Mortgage Co.* v. *Manley's Estate,* 106 Vt 356, 366, 175 A 14. It is said in 5 CJS, Appeal & Error, §1860, that a judgment of an intermediate court, on appeal from an inferior court, in excess of the jurisdictional limit of the inferior court, may be affirmed by a higher court on condition that plaintiff remit the excess. Although the plaintiff has offered to remit the excess here, we prefer not to attempt to affirm a void judgment.

█ █ The facts in this cause have been found by the court and the exceptions, so far as briefed, have been found to be without merit, and those not briefed must be treated as waived. In such a situation it is the common practice of this Court, when the judgment of the county court is reversed, to proceed and render such judgment as the facts found warrant. *Smith* v. *Hill,* 45 Vt 90, 92. Finding 14 is the county court's conclusion of law as to the plaintiff's right to recover and of the amount of recovery, and, since the plaintiff by fixing his *ad damnum* at $200.00 only asks for that amount and waives any excess, this finding, if supported by the previous findings, determines the right of the plaintiff to recover that sum. *Schwarz* v. *Avery,* 113 Vt 175, 180, 31 A2d 916.

█ Although the plaintiff did not except to finding 14 on the ground that it was not supported by the previous findings, we will treat it as though he had excepted on that

ground in determining if the facts found support a judgment for the plaintiff to recover $200.00. *Greenwood* v. *Lamson*, 106 Vt 37, 42, 168 A 915. Such an exception is in effect, if not in form, the same as if taken to a judgment based upon facts found, where the question is whether the findings are such as to support the judgment and does not reach back of the findings, or present for review any question of the sufficiency of the evidence upon which they are based. *Schwarz* v. *Avery*, *supra*. Consequently the rules that doubtful findings are to be construed in favor of the judgment, if this can reasonably be done; that we must assume in favor of the judgment that the trial court inferred such facts from the other facts certified as it ought to have done, or might fairly have done; and that we do not for the purpose of reversing a judgment, read into the findings of fact something which is not there, and which is not a necessary inference from the facts found apply. *Abatiell* v. *Morse*, 115 Vt 254, 259, 260, 56 A2d 464, and cases cited.

 The defendant insists that the amount of damages that can be recovered is fixed by the provisions of the Uniform Sales Act in V. S. 47, §7917, Par. III, and is the difference between the price of the new car and its market value. This measure of damages does not apply if there was no available market in Bethel for this model car. *Breding* v. *Champlain Marine & Realty Co.*, 106 Vt 288, 295, 299, 172 A 625. Even if there had been an available market for the new car, no reason is advanced why the plaintiff is not entitled to recover the profit mentioned in finding 13, which he would have made on the resale of the used car, and which was included in finding 14.

There is no express finding that there was no available market in Bethel for the new car, but we think that the court might have fairly inferred from finding 1 about the situation of the plaintiff and from finding 5 that the new car was of a type not readily marketable, that there was no available market for it. No error in the amount of damages up. to $200.00 in finding 14 has been made to appear.

*Judgment reversed, and judgment for the plaintiff to recover* $200.00 *damages and his costs below, less defendants' costs in this court.*