**COOPER'S HOME FURNISHINGS, INC.,
Plaintiff,**

**v.**

**Carrie SMITH, Defendant.**

Superior Court of Delaware,
New Castle.

Feb. 3, 1969.

Frederick Knecht, Jr., Wilmington, for plaintiff.

R. H. Richards, III, of Richards, Layton & Finger, Wilmington, for defendant.

OPINION

MESSICK, Judge.

This case is submitted for consideration and determination of defendant's motion to dismiss plaintiff's appeal to this Court from a judgment of the Justice of the Peace Court which was adverse to plain-

tiff. Defendant's motion is based upon a lack of jurisdiction of this Court to entertain the case, in that the parties to this appeal are not the same as the parties below.

The case at bar was originally brought by plaintiff against defendant here, Carrie Smith, and one Betsy Stevens in the Court of the Justice of the Peace, No. 13, for an amount allegedly due on a contract. That case was styled in the following manner: "Cooper's Home Furnishings vs. Betsy Stevens and Carrie Smith." Plaintiff's action as to defendant here was dismissed on January 10, 1968, and a default judgment in the total amount sued for was taken against defendant Stevens on April 26, 1968. Plaintiff prosecuted this appeal against defendant Smith within the time required by statute. However, upon the appeal, plaintiff styled his cause "Cooper's Home Furnishings, Inc. vs. Carrie Smith"; no appeal by plaintiff was taken as to defendant Stevens, and defendant Stevens prosecuted no appeal herself.

■■ The right to appeal to the Superior Court by a party against whom a judgment is given by a Justice of the Peace is a statutory right. 10 Del.C. § 9577. It appears clear from the wording of the statutes relating to this type of appeal that the statutes contemplate the proceeding on appeal to be a complete trial *de novo* of the original action, for when the appeal is entered, the proceedings in the Superior Court "thereafter shall be as in other civil actions commenced in the Court." 10 Del. C. § 9580; and see, State v. Coffield, 3 Storey 406, 171 A.2d 62 (1961). A *de novo* hearing on appeal from a Justice's Court means a trial anew, whether of law or fact, according to the usual or required mode of procedure. Archer v. High, 193 Miss. 361, 9 So.2d 647; Krause v. Spurgeon, 221 Mo.App. 26, 297 S.W. 434; Smead v. Sutherland, 118 Vt. 361, 111 A.2d 335. The entire case being brought up to the intermediate court for trial *de novo,* the

parties occupy the same positions in the higher court as in the Justice Court. Birmingham v. Shamrock Motor Co., 75 S.W.2d 297 (Tex.Civ.App.). Thus, it has been held that where the Justice's Court has rendered judgment against one defendant and in favor of another defendant on an alleged joint liability and the plaintiff appeals, the defendant against whom plaintiff has recovered is entitled to participate in the new trial in the appellate court. Johnson v. Cousins, 110 Colo. 540, 135 P.2d 1021; Davis v. Parkin, 75 Idaho 266, 270 P.2d 1007. However this precise issue seems indeed to be novel in this jurisdiction, save McDowell v. Simpson, 1 Houst. 467 (Super.Ct.1885), wherein it was held that if an appeal from a Justice of the Peace Court fails to correspond with the process on which the action is founded and with the transcript of the suit below, in the names of the parties or in the number of the parties or in the character in which they are sued, the variance is fatal.

■■ In this case, there clearly cannot be a *de novo* hearing of the issues tried before the Justice, where, in the original action, the defendant here was sued jointly with another. The trying anew would of course determine the obligations between the defendants and the plaintiff and likewise between the defendants themselves. This could not be accomplished in the present case. The jurisdiction of this Court is limited by statute to try that same action as instituted in the Justice Court. Dominick v. Harmony Talking Machine Co., 4 Boyce 293, 88 A. 468 (1913). Additionally, to allow plaintiff in the instant case to prosecute this appeal against defendant Smith only, there would be a lacking of the identity required in *McDowell*—in name, in number, and in character.

This Court is not unmindful of the possible hardship which might inure to the plaintiff because of this "nicety in pleading"; however, to deny defendant's rights to be determined as against her co-defend-

ant in the court below would defeat the intent of the statutes allowing these appeals.

Accordingly, defendant's motion to dismiss the appeal of plaintiff is hereby granted.

It is so ordered.